**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY GARRABRANTS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>Defendant. | Case No.: 3:19-cv-01570<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. Nos. 5, 10, 11, 14, 17, 18, 20]<br><br>**ORDER LIFTING STAY**<br><br>[Doc. No. 12.] |

Before the Court is a Motion for Preliminary Injunction brought by Plaintiff Gregory Garrabrants ("Plaintiff" or "Garrabrants"). (Doc. No. 5.) Garrabrants seeks to enjoin Defendant Financial Industry Regulatory Authority ("Defendant" or "FINRA") from compelling him to arbitrate certain counter-claims brought by Scott Reynolds ("Reynolds") before FINRA in an arbitration captioned Spartan Securities Group, Ltd. v. Reynolds v. Axos Clearing LLC, FINRA Case No. 19-002926 (the "FINRA Arbitration"). (Id.)

On March 13, 2019, Axos Clearing LLC ("Axos Clearing") filed a complaint in the

Southern District of Florida against Reynolds for breach of the settlement agreement and fraudulent inducement. Axos Clearing, LLC v. Reynolds., No. 19-cv-20979-RAR, at 9 (S.D. Fla. Aug. 30, 2019). On March 15, 2019, Axos Clearing filed a motion for an ex parte writ of garnishment which was verified and signed by Plaintiff Gregory Garrabrants. (Doc. No. 18. Ex. 4.) The motion sought a bond for fifteen million dollars and a prejudgment writ of garnishment and attachment for "$7,500,000 against Defendants Reynolds . . . ." (Id. at 23.) The motion for an ex parte writ of garnishment described Garrabrants as "CEO of Axos Financial, Inc., the parent of Axos Clearing Inc., which is the sole member of Axos Clearing LLC . . . ." (Id. at 17.) The statement of verification accompanying the motion and signed by Garrabrants indicated that as "Chief Executive Officer of Axos Financial, Inc.", Garrabrants had authority "to make this verification on behalf of Plaintiff Axos Clearing LLC." (Id. at 23.) These statements were attested and sworn to under penalty of perjury in federal court. On August 30, 2019, the complaint in the Southern District of Florida was dismissed for being subject to mandatory arbitration before FINRA. (Id. at 11.)

On or around April 3, 2019, Spartan initiated claims in FINRA[1] arbitration against Reynolds. (Doc. No. 5 at 4.) Spartan asserted claims against Reynolds for breach of fiduciary duty, fraudulent misrepresentation, negligent misrepresentation, and breach of contract. Reynolds responded by including third-party claims in the FINRA Arbitration against both Axos Clearing LLC and Gregory Garrabrants, the Chief Executive Officer of both Axos Financial, Inc. and Axos Bank. (Doc. No. 5. at 3.) Axos Clearing LLC is a member of FINRA. Gregory Garrabrants, Axos Financial, Inc., and Axos Bank are not members of FINRA. On August 20, 2019, Plaintiff Garrabrants filed a complaint seeking declaratory and injunctive relief before this Court to enjoin FINRA from hearing Reynolds' counter-claims against him.

---

[1] "FINRA is a non-governmental, 'self-regulatory agency that has the authority to exercise comprehensive oversight over all securities firms that do business with the public.'" COR Clearing, LLC v. LoBue, EDCV-16-909-JGB-(KKx), 2016 WL 9088704, *1 (C.D. Cal. June 16, 2016) (quoting Goldman, Sachs & Co. v City of Reno, 747 F.3d 733, 737 (9th Cir. 2014).

On September 25, 2019, this Court issued an order to show cause requesting that FINRA and Reynolds explain why the third-party claims against Garrabrants should proceed in arbitration. (Doc No. 7.) On September 30, 2019, Reynolds responded and requested a formal briefing schedule to address the issue. (Doc. No. 10.)[2] On October 2, 2019, FINRA responded to the order to show cause, stating that it would "abide by this Court's determination" on the question of arbitrability. (Doc. No. 11.) On October 3, 2019, this Court issued an order continuing the hearing date on Plaintiff's motion for a preliminary injunction and temporarily staying the FINRA arbitration in order to give Reynolds an opportunity to fully brief the issue. (Doc. No. 12.) On October 21, 2019, Plaintiff filed a reply in support of his motion for a preliminary injunction. (Doc. No. 17.) That same day, Reynolds filed his opposition to Plaintiff's motion for a preliminary injunction. (Doc. No. 18.) On October 25, 2019, this Court granted leave for Plaintiff to file a sur-reply. (Doc. No. 19.) On October 28, 2019, Plaintiff filed his sur-reply. (Doc. No. 20.)

The Court held a hearing on October 28, 2019. Madalyn Macarr and Andre Cronthall appeared for Plaintiff Garrabrants. Lori Werderith appeared for Defendant FINRA. Adam Ford appeared for non-party Reynolds. For the reasons below, the Court **DENIES** the motion for a preliminary injunction.

## **Background**

Scott Reynolds was the former head trader at Spartan Securities Group, Ltd. ("Spartan") an SEC and FINRA registered broker-dealer. (Doc. No. 18. at 3.) On March 6, 2019, Spartan allegedly suffered around a $16.5 million loss because of a decline in the price of Bio-Path Holdings, Inc. (Id.)

---

[2] On October 14, 2019, Reynolds filed a motion to dismiss arguing that he was a necessary party in the current action and that, because the Court lacked personal jurisdiction over him, the complaint had to be dismissed. (Doc. No. 13.) The Court declined to address these arguments before determining the arbitrability question and dismissed the motion without prejudice. (Doc. No. 15.)

3

3:19-cv-01570

Following the alleged $16.5 million-dollar loss, according to Reynolds, Garrabrants[3] contacted him regarding a possible settlement of the dispute between Reynolds and Axos Clearing. (Doc. No. 18. at 6.) According to Plaintiff, Garrabrants was "designated by Axos Financial, Inc. to assist in negotiating the settlement Agreement between Axos Clearing and Reynolds." (Doc. No. 1. ¶23.) Garrabrants concedes that he communicated with Reynolds over "calls, texts, and e-mails." (Id. at ¶27.) Over the following week, Garrabrants and Reynolds discussed a possible resolution of the dispute. (Doc. No. 18. at 8.) On March 8, 2019, Reynolds signed a settlement agreement with Axos Clearing. (Doc. No. 5-2 Ex. A.) Just five days later, on March 15, 2019, Axos Clearing filed suit against Reynolds in the Southern District of Florida, alleging a breach of the settlement agreement. Axos Clearing, LLC v. Reynolds., No. 19-cv-20979-RAR, at 9 (S.D. Fla. Aug. 30, 2019). Around June 26, 2019, Reynolds brought counter-claims in the ongoing FINRA arbitration against Axos Clearing and Garrabrants, individually, for his role in negotiating the settlement agreement. (Doc. No. 5 at 4.) On August 30, 2019, the Southern District of Florida dismissed the complaint for being subject to mandatory arbitration before FINRA. (Doc. No. 5-2 Ex. 11.) Garrabrants then filed a complaint before this Court seeking preliminary injunctive relief to enjoin FINRA from hearing Reynolds' counter-claims against him. (Doc. No. 3.)

## **Discussion**

A court may issue a preliminary injunction, under Federal Rule of Civil Procedure 65, to preserve the positions of the parties until a full trial can be conducted. LGS Architects, Inc. v. Concordia Homes, 434 F.3d 1150, 1158 (9th Cir. 2006). To warrant such

---

[3] Gregory Garrabrants is the Chief Executive Officer of Axos Financial, Inc., the financial holding company whose wholly owned subsidiary executed the trades in Bio-Path Holdings, Inc. Axos Financial, Inc., is a financial holding company publicly traded on the New York Stock Exchange under the ticker symbol AX. Axos Financial, Inc. has two wholly owned subsidiaries – Axos Bank and Axos Nevada Holding. Axos Nevada Holding wholly owns Axos Securities, LLC, which, in turn, wholly owns Axos Clearing LLC ("Axos Clearing"). (Doc. No. 5-2 at 2.) Axos Clearing LLC performed the trades that resulted in the net loss of $16.5 million by Spartan. (Doc. No. 18. at 4.) Axos Clearing is a member of FINRA. (Doc. No. 5 at 8.)

injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id.

Garrabrants argues that he is likely to succeed on the merits because he is not an "Associated Person" who would be subject to arbitration under FINRA's rules, that the counter-claims raised by Reynolds are not the appropriate subject of arbitration, and that any Florida based arbitration would lack jurisdiction over him[4]. (See Doc. No. 5-1 at 8.) Garrabrants has the burden of establishing that he is likely to succeed on the merits of his case. Winter, 129 S.Ct. at 374. The issue underlying Garrabrants' motion is whether FINRA lacks the authority to hear a claim against him.

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navig. Co., 363 U.S. 574, 582 (1960). However, when an agreement to arbitrate exists, federal courts have long recognized and enforced a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983). "Questions of arbitrability" such as whether an arbitration agreement exists and whether an arbitration clause covers the dispute in question—are issues "for judicial determination unless the parties clearly and unmistakably provide otherwise." Rent-A-Center, West, Inc. v Jackson, 561 U.S. 63, 69 n.1 (2010) (citing AT & T Techs., Inc. v. Commc'n Workers of America, 475 U.S. 643, 649 (1986)).

---

[4] Garrabrants argues that he is not subject to arbitration in Florida because he is a California resident who has no personal dealings or connections with the state of Florida. (Doc. No. 5-1 at 3.) But throughout his own filings, Garrabrants has shown that he negotiated the settlement agreement through phone calls, texts, and emails with Reynolds who was in Florida. See Doc No. 1 ¶24-26; Doc. No. 5 at 11; Doc. No. 5-2 at 2.

FINRA is a non-governmental agency and it has no specific grant of authority from Congress or any other governmental entity to conduct arbitration proceedings. As such, its authority to compel arbitration must have some contractual basis, either a contract between a customer and FINRA member, or an agreement between the member and FINRA. The FINRA rules provide for mandatory arbitration of all disputes arising between "Associated Persons" that have a nexus in FINRA related activities. See FINRA Rule 13200.

Garrabrants argues that he is not a member of FINRA nor an Associated Person that could be compelled into arbitration under FINRA's rules. Rule 13200 of the FINRA Rules requires the arbitration between Associated Persons.

FINRA Rule 13100(b), broadly defines an "Associated Person" as a "person associated with a member, as that term is defined in paragraph (u.)" Paragraph (u), in turn, limits a "person associated with a member" as either:

(1) A natural person who is registered or has applied for registration under the Rules of FINRA; or

(2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA. For purposes of the Code, a person formerly associated with a member is a person associated with a member.

FINRA Rule 13100(b) and (u).

Rule 1011 also defines an "Associated Person" as "any person directly or indirectly controlling the Applicant whether or not such person is registered or exempt from registration under the FINRA By-Laws or FINRA rules." FINRA Rule 1011(b). Under Article I (rr) of the FINRA By-Laws, an "Associated Person" includes, in part, ". . . a sole proprietor, partner, officer, director, or branch manager of a member, or other natural

person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member . . ." FINRA Bylaws, art. I.

Garrabrants claims that he is not a FINRA member and has not consented to arbitration by FINRA. (Doc. No. 5-2 ¶5.) Garrabrants argues that as Chief Executive Officer of Axos Financial and Axos Bank, he "holds no position with Axos Clearing" the FINRA affiliated entity within the Axos Financial holding structure. (Doc. No. 5. at 10.) Furthermore, Garrabrants states that he had no authority to bind "Axos Clearing to the Settlement Agreement" which is at issue in the arbitration. (Id.)

As evidence that Garrabrants is an Associated Person, Reynolds points to a document filed in the federal action in the Southern District of Florida that was signed by Garrabrants "on behalf of Plaintiff Axos Clearing" under penalty of perjury. (Doc. No. 18 at 14.) Additionally, Reynolds points to the various communications leading up to the settlement agreement between him and Garrabrants as evidence that Garrabrants acted as a "natural person occupying a similar status or performing similar functions" to a "partner, officer, director, or branch manager of a member" of Axos Clearing. (Doc. No. 18 at 14.) Reynolds argues that this evidence shows that Garrabrants had authority over Axos Clearing. (Id.) The Court agrees.

Garrabrants' involvement in negotiating the settlement agreement and verifying the motion for a writ of garnishment shows that he performed similar functions to an officer, director, or branch manager of a member, bringing him within the definition of an Associated Person under FINRA Rule 13100(b). The motion for a writ of garnishment, filed in the federal action in the Southern District of Florida, described Garrabrants as "CEO of Axos Financial, Inc., the parent of Axos Clearing Inc., which is the sole member of Axos Clearing LLC . . . ." (Id. at 17.) The statement of verification accompanying the motion and signed by Garrabrants indicated that as "Chief Executive Officer of Axos Financial, Inc.," Garrabrants had authority "to make this verification on behalf of Plaintiff Axos Clearing LLC." (Id. at 23.) These statements were attested and sworn to under penalty

of perjury in federal court. In signing the verification Garrabrants acted in the manner of "officer, director, or branch manager of a [FINRA] member." See FINRA Rule 13100(b) and (u). Garrabrants explicitly held himself out to the Court as having authority on behalf of Axos Clearing. Furthermore, Garrabrants allegedly took an active role in negotiating the settlement agreement between Reynolds and Axos Clearing. Reynolds alleges that Garrabrants called him on March 7, 2019 and "left a message on his voice mail explicitly identifying himself as the person in control of Axos Clearing, the CEO of Axos financial." (Doc. No. 18 at 4.) Reynolds further alleges that the details of an initial settlement agreement were determined "during a phone call with Garrabrants, speaking for all three Axos entities, and Spartan employees David Lopez and Reynolds." (Id. at 7.) Plaintiff does not contest that these phone calls occurred nor that Garrabrants represented Axos Clearing during them. In fact, in his own sworn declaration Garrabrants indicated that he "was involved in and had the authority to participate in the negotiations" regarding the settlement agreement. (Doc. No. 5-2 at 2.) All of these interactions support the conclusion that Garrabrants is an Associated Person of Axos Clearing.

Next, Plaintiff argues that even if Garrabrants is personally subject to FINRA arbitration as an Associated Person the counter-claims Reynolds advance are not. Garrabrants argues that Reynolds claims are tortious in nature and should be pursued in a separate state court action. (Doc. No. 5 at 11-12.) FINRA Rule 13200 requires arbitration when "the dispute arises out of the business activities of a member or an Associated Person and is between or among: members, members and Associated Persons, or Associated Persons." FINRA Rule 13200. The federal court in the Southern District of Florida action already examined whether the dispute between Reynolds and Axos Clearing was subject to arbitration and reasoned that since "the underlying wrongdoing that forms the basis for the Settlement Agreement, and thus the breach of contract, is clearly connected to Mr. Reynolds' work as Spartan's employee. . ." it was subject to FINRA arbitration under Rule 13200. Axos Clearing, LLC v. Reynolds., No. 19-cv-20979-RAR, at 9 (S.D. Fla. Aug. 30, 2019). At the heart of this dispute "we have a FINRA-member (Axos) suing a FINRA

Associated Person (Mr. Reynolds) for a breach of contract claim that directly arises from the business activity regulated by FINRA." Id. at 10. The district court found that "given the interconnectedness between the unauthorized trades and the signing of the Settlement Agreement, this is a dispute that the parties could reasonably expect to be appropriate for arbitration." Id at 9. In considering the other causes of action beside breach of contract, the Court reasoned that there was a "clear nexus between the alleged wrongdoing in all of these claims and the actions of Mr. Reynolds as an associated person." Id. at 11. Similarly, the counter-claims raised by Reynolds in the arbitration arise from the negotiation of the settlement agreement meant to resolve a dispute over business activity that FINRA regulates and Garrabrants activity as an Associated Person of Axos Clearing. Plaintiff's arguments that the counter-claims are not subject to arbitration before FINRA are unavailing for the same reason that Axos Clearing's arguments failed in the federal court in the Southern District of Florida.[5] In sum, the Court concludes that Garrabrants is an Associated Person of Axos Clearing and that Reynolds' counter-claims are the proper subject of arbitration before FINRA. As such, Garrabrants has not shown a likelihood of success on the merits necessary to warrant preliminary injunctive relief.

On the merits of the dispute in arbitration Garrabrants is free to maintain that he acted solely as Chief Executive Officer of Axos Financial and not as an Associated Person of Axos Clearing. For purposes of determining of whether the counter-claims are subject to mandatory arbitration, however, the Court finds that Garrabrants is an Associated Person. As an Associated Person of a FINRA member, Garrabrants is subject to mandatory FINRA arbitration. As a result, the Court **DENIES** the motion for preliminary injunction.

---

[5] Axos Financial was not a party to the dispute in the Southern District of Florida, which makes it even more anomalous that Garrabrants signed a verification on behalf of Axos Clearing.

## **Conclusion**

For the reasons above, the Court **DENIES** Plaintiff's motion for injunctive relief. Additionally, the Court permits the arbitration to go forward and lifts the stay entered on October 3, 2019. (Doc. No. 12.)

**IT IS SO ORDERED.**

DATED: October 29, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT